## TAYLOR AND OTHERS vs. THE COUNTY OF PULASKI.

Although a sheriff becomes liable, on receiving a tax list, for the whole amount of tax charged therein, less the credits to which he may, by law, be entitled, and there is no necessity, in a suit against him, to charge him with having *collected* the money ; yet, if the breach in the declaration against him on his bond is, that he did collect the money, and fail to pay it over, the *collection* of the money must be proved.   Merely producing the tax list, receipted by him, is not sufficient to charge him, on such a state of proceeding.

THIS was an action of debt, determined in the Pulaski Circuit Court, in November, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges.   The county of Pulaski sued Taylor and his securities on his bond, as sheriff.   The declaration charged the officer with having received a certain amount of money, which *came to his hands, as sheriff,* and which he failed to pay over according to law.   There was a demurrer to the declaration, which was overruled, and to which an exception was taken.   Judgment was thereupon entered against the sheriff and one of his securities, by *nil dicit,* and by default against all the others.   A writ of inquiry, to assess the damages, was ordered, in which the sheriff appeared in mitigation.

To support the charge, the plaintiff produced a transcript of the sheriff's receipt on the original list of taxable property, that was transmitted to the territorial auditor, the one which should have remained on file in the clerk's office having been proved, by the clerk, to be lost or destroyed.   This evidence was objected to, and the objection overruled.   The official bond of the sheriff was then read, as evidence, which was also objected to.   Upon this state of case, the court was asked to charge the jury, that the sheriff was only liable for the amount he had collected and failed to pay over, and that, if the proof showed that he had failed to make any collections, then he was only answerable for nominal damages.   These instructions the court refused, but charged the jury that the sheriff was responsible for the amount charged against him by the tax list.   To the refusing and

Taylor et al. *vs.* The County of Pulaski.

granting of these instructions, exceptions were taken, and error brought.

The case was argued here by *Blackburn* and *Cummins*, for plaintiffs in error, and by *R. W. Johnson*, Atto. Gen., contra.

*By the Court*, LACY, J.  We have looked into the declaration in this case, and consider it good; the breaches are properly assigned; the sheriff is charged with collecting a certain amount of money, which he failed to pay over.  The truth of this breach the plaintiff was bound to prove.  It was not necessary to allege the collection of the money, and failure to pay it over.  He was answerable, upon the reception of the tax book.  That fixed the amount of his responsibility, which he, in his defence, could lessen, by striking off the credits to which he might, by law, be entitled.  In this case, however, by the breaches, the sheriff's liability is made to depend exclusively upon the collection and failure to pay over.  The transcript offered in evidence was, certainly, not sufficient to establish his indebtedness upon this charge.  It certainly did not prove that the sheriff had made any collections, or had any moneys in his hands belonging to the county. It would have been proper evidence, if he had been simply charged, upon his reception of the tax book, with the failure to pay over the amount with which he stood charged, a proper ground being laid for the introduction of this secondary grade of evidence, by establishing the fact that the best evidence had been lost or destroyed.  It is clear, that the instructions given and refused are manifestly erroneous.  The court seems to have proceeded upon the mistaken opinion that, under the state of pleadings, the sheriff and his securities were liable upon the reception of the tax book.  The defendants only asked the court to instruct the jury that, if he had collected any money, as sheriff, and had failed to pay it over, then he was answerable for that amount, and nothing more.  This was only requiring the plaintiff to prove her cause of action, as laid, which she was unquestionably bound to do, before she could be entitled to a recovery.  The instructions given and those refused, were clearly wrong.

Judgment reversed.